**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re:<br><br>RYAN COLE and SARAH COLE,<br>Debtors. | § | BANKRUPTCY NO.<br>24-40647<br><br>CHAPTER 7 |
| NUETERRA CAPITAL LLC,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN COLE<br><br>Defendant. | § | Adv. Proc. No. __________ |

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Nueterra Capital LLC ("Plaintiff" or "Nueterra"), by and through its counsel, Russell Devenport of McDonald Sanders, A Professional Corporation, and for its cause of action, alleges and states as follows:

## JURISDICTION & VENUE

1. Defendant Ryan Cole and his wife Sarah Cole ("Debtors") filed a Petition seeking relief under Chapter 7 of Title 11 of the United States Code on March 25, 2024.

2. On April 19, 2024, the initial meeting of creditors pursuant to Section 341 was held.

3. On July 12, the Court entered an order providing that Nueterra had until July 18, 2024 to file an adversary complaint to determine the dischargeability of Debtors' obligations.

4. As of the date of this Complaint, Debtors have not been granted discharge.

5. This Complaint is timely filed because the deadline for filing a Complaint objecting to Debtors' discharge is July 18, 2024.

6. This is an adversary proceeding in which the Plaintiff-Creditor is objecting to Debtors discharge under 11 U.S.C. §§ 523(a)(2) and 523(a)(6). This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157 and § 1334. Venue is proper in this Court pursuant to 28 U.S.C. § 1409(a).

## PARTIES

7. Nueterra is a Kansas limited liability company with its principal place of business in Johnson County, Kansas.

8. Nueterra is an interested party and scheduled creditor in the above-referenced bankruptcy case. Nueterra holds a judgment of over $8 million against Platinum Medical Management Inc. f/k/a Platinum Neighbors Inc. ("Platinum Medical"), a Texas corporation owned by Debtor Ryan Cole through his ownership of its parent company, Platinum Team Management Inc. ("Platinum Team").

9. Ryan Cole is one of the Debtors in the above-captioned case and may be served with Summons and this Complaint through his Chapter 7 counsel and at his mailing address, as shown in his bankruptcy case, of 6624 Eastview, Sachse, TX 75048 through first class mail pursuant to Rule 7004 of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS & FACTS

### *Ryan Cole defrauded third parties, including Nueterra*

10. Ryan Cole was the principal of Platinum Medical's parent corporation Platinum Team. Platinum Team had several subsidiaries, and these subsidiaries operated businesses ranging from construction, real estate, and property management to medical businesses such as the

ownership and operation of hospitals, pharmacies, and senior living facilities. A true and correct copy of the Platinum Team organization chart is attached hereto as Exhibit A and is incorporated herein by reference.

11. Ryan Cole, in addition to his individual ownership interests in Platinum Team and its numerous subsidiaries listed in Exhibit A, exercised dominion and control over Platinum Team and each of the subsidiaries of Platinum Team, including but not limited to Platinum Medical. Ryan Cole used Platinum Team and its subsidiaries to perpetrate actual fraud for his own personal benefit.

12. Ryan Cole effectively operated Platinum Team and the numerous entities listed in Exhibit A, including Platinum Medical, as a single enterprise for the benefit of Ryan Cole. Nothing went through without his input or approval. The entities had centralized offices, common employees, accounting departments, and often shared facilities. It was not uncommon for one of the entities to pay wages for another entity's employees. Employees and job titles were shifted between entities frequently. Several transactions between the entities were either not recorded or were falsified after-the-fact. Ryan Cole would shift indiscriminately money between the entities. All significant decisions were made by Ryan Cole and were made for the benefit of Ryan Cole.

13. Ryan Cole would commonly manipulate Platinum Team's and its subsidiaries' financial statements or proformas to falsely inflate the assets and/or to deflate the liabilities. These manipulated and fraudulent financial statements and/or proformas would then be presented to investors, purchasers, sellers, financial institutions, and other third parties, including Nueterra. Ryan Cole knowingly performed these acts or directed these acts with the intent to deceive or perpetrate fraud through either directly or through his corporate entities.

14. Ryan Cole would indiscriminately have funds transferred between Platinum Team and its subsidiaries. For example, Ryan Cole would have funds transferred from one entity's account to another to artificially inflate the bank statements of one entity. Once he obtained a bank statement that had the inflated numbers, he would present those statements to investors or third parties while already having moved the funds to a different entity. On at least one occasion, Ryan Cole even directed insurance claim money from one Platinum Team subsidiary to be spent on another subsidiary. Ryan Cole performed these acts or directed these acts with the intent to deceive.

15. Ryan Cole would pay for personal expenses from Platinum Team and its subsidiaries' financial accounts. Upon information and belief, he chose to use funds to install a swimming pool at his residence rather than pay funds to employees. He chose to have his expenses reimbursed while his employees' expenses were not reimbursed.

16. Platinum Team and its subsidiaries were used to perpetrate fraud upon third parties, including Nueterra, and were used primarily for the direct personal benefit of Ryan Cole.

***Platinum Medical and Ryan Cole use fraud to acquire an interest in Missouri hospitals***

17. Nueterra is a holding company. Its subsidiary, NC Holdings LLC, was at one time a minority stockholder of an entity called Noble Health Corp. ("Noble"). Noble's mission was to revitalize rural community healthcare.

18. In March 2021, two of Noble's subsidiaries, Noble Health Audrain Inc. and Noble Health Real Estate II LLC (collectively "Borrowers") borrowed $9,600,000 from Central Bank of the Midwest ("Central Bank") to fund the purchase of real estate assets comprising of a hospital and medical practices in Audrain County, Missouri from SSM Saint Mary's. Nueterra guaranteed the Borrowers' loan from Central Bank.

19. By the Spring of 2022, Noble and its subsidiaries, including Borrowers, were for sale. Platinum Medical (formerly known as Platinum Neighbors Inc. or PNI) reached out to Noble regarding Platinum Medical's interest in acquiring Noble and Noble's subsidiaries. Platinum Medical was informed that Nueterra, as a guarantor of the bank loans, needed its interest protected as part of any sale.

20. The parties decided they would structure the deal as a stock purchase and negotiated a Stock Purchase Agreement ("SPA"), whereby Platinum Medical would purchase all of the stock of Noble and its subsidiaries.

21. During the negotiation process, and at the direction of Ryan Cole, Platinum Medical provided Noble and the guarantor, Nueterra, a copy of the 2021 Financials and the 2021 Platinum Team Deck (collectively the "2021 Financials"). True and correct copies of the 2021 Financials are attached hereto as Exhibit B and are incorporated herein by reference.

22. Ryan Cole manipulated the numbers to inflate the value of Platinum Medical's/Platinum Medical's affiliates/Ryan Cole's assets and/or deflate the liabilities of those parties before the numbers were presented to third parties, such as Nueterra here. Ryan Cole misrepresented the financial stability of Platinum Team and its subsidiaries to induce Noble to sell assets to Platinum Medical and to convince the guarantors to rely on Platinum Medical to pay off any claims against guarantors and indemnify Nueterra of any claim against it. The fraudulent numbers were ultimately presented to Nueterra at Ryan Cole's behest.

23. According to the 2021 Financials, Platinum Team's total assets were $192,243,812.96. [*See* Ex. B at p. 5]. Platinum did not have assets worth that purported value.

24. The Financials further indicate that the company had $29,945,626.12 in cash on hand in the checking or savings and another $22,710,608.39 in accounts receivable. [Ex. B at p.

5]. At the time the 2021 Financials were presented in March 2022, some of the Platinum Team managers were not even getting paid or were not getting paid on time; the Platinum family of companies had a liquidity problem and were not flush with cash as suggested in the balance sheet. Moreover, upon information and belief, the accounts receivable primarily consisted of monies owed by Platinum entities to other Platinum entities. The accounts receivable were generally not related to third parties from whom Platinum Team or its subsidiaries could collect.

25. The 2021 Financials presented to Nueterra also inflated the value of the Princeton Land & Buildings. According to the 2021 Financials, that property was worth $20MM. However, even the most generous appraisal of that property Platinum Teams received was several million dollars lower.

26. The organizational chart provided to Nueterra as part of the 2021 Financials is materially misleading in that it represents a robust organizational structure when, in fact, several of the entities included in the chart were either no longer in operation, were owned by other third parties, or were empty companies that only existed on paper to that point. For example, Platinum Senior Living LLC was destroyed by a storm in 2021. It was never reopened, but it was listed as one of the entities in the organizational chart. Milagro Mio LLC was listed as a subsidiary of Platinum Medical, but it was owned by a physician and not Ryan Cole or Platinum Medical. Platinum Care LLC was listed as a subsidiary of Platinum Medical but it only existed on paper. It never was not an operational business in March 2022.

27. Included in the 2021 Financials is the Statement of Financial Condition of Ryan Cole as of December 31, 2021. [Ex. B at p. 13]. According to Mr. Cole's Statement of Financial Condition, he had over $3,000,000 in cash and cash equivalents, $2,100,000 residence, $235,000 in automobiles, and $175,000 worth of personal property, jewelry, furnishings, and collectibles.

28. Mr. Cole's investments were represented as substantial—$193,832,425 in various companies, including $21,142,746 in investment in Platinum Medical. Upon information and belief, neither Platinum Medical nor Mr. Cole's assets were to the levels represented. His bankruptcy schedules indicate assets valued between $1MM-$10MM, less than three years after representing to Nueterra he had over $193MM.

29. As part of the SPA negotiations, Platinum Medical had originally agreed to pay off the debts related to the hospitals as a condition of closing. Prior to closing, however, Platinum Medical reneged and would only agree to arrange to refinance the debt and indemnify guarantors, such as Nueterra.

30. Nueterra, as guarantor of the real estate loans, and a party who received copies of the manipulated financials of Platinum Medical and Ryan Cole, approved the SPA in reliance on those financials. The reliance was justified based on the information presented in the Financials and the various oral representations made to Nueterra and its representatives

31. On April 20, 2022, Platinum Medical acquired all of the stock in Noble and all of its subsidiaries, including Borrowers, pursuant to the SPA. Under the SPA, Platinum Medical agreed to, among other things, (1) indemnify third-parties, such as Nueterra, against any claims related to the debt it guaranteed; and (2) agreed to negotiate and refinance Noble's debts, resulting in the release of any personal or corporate guarantees, including Nueterra's guaranty of the Central Bank loan. Nueterra was an intended third-party beneficiary of the SPA. Nueterra's status as a third-party beneficiary was known to Platinum Medical and Ryan Cole.

***<u>Nueterra sues Platinum Medical and obtains a judgment</u>***

32. After taking over the hospitals, Platinum Medical failed to renegotiate Noble's debts and the Borrowers ultimately defaulted on the Central Bank loan, which was Platinum

Medical's responsibility under the SPA. As a result, Central Bank filed a lawsuit against Nueterra on June 9, 2022, claiming Nueterra breached the guaranty. It is against this backdrop that Nueterra filed a third-party complaint against Platinum Medical for breaching its obligations under the SPA and ultimately obtained the Judgment described above.

33. Platinum Medical failed to defend the lawsuit and failed to answer Nueterra's third-party complaint.

34. On May 3, 2023, Nueterra obtained a Judgment against Platinum Medical in a case styled *Central Bank of the Midwest v. Nueterra Capital LLC v. Platinum Medical Management, Inc.*, case number 22-2218-JWB, filed in the United States District Court for the District of Kansas (the "Judgment"). [*See* Ex. C, Notice of Filing of Foreign Judgment]. At bottom, Nueterra asserted claims in the underlying suit related to Platinum's failure to indemnify Nueterra and otherwise comply with the terms of a Stock Purchase Agreement. The Judgment is in the principal amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until paid in full. *Id.* at 1–2.

***Nueterra's attempts to collect on the Judgment***

35. As Platinum Medical is or was a Texas corporation, after obtaining the Judgment, Nueterra filed a Notice of Filing of Foreign Judgment to domesticate it under Texas law for enforcement. *See generally id.*; Tex. Civ. Prac. & Rem. Code §§ 35.001–08. Nueterra then filed in that proceeding an Application for Post-Judgment Writ of Garnishment regarding various garnishees and a Motion for Charging Order regarding various "Affiliated Entities" of Platinum Medical (as defined in the Motion). [*See* Ex. D, Plaintiff's Application for Post-Judgment Writ of Garnishment; Ex. E, Plaintiff's Motion for Charging Order]. Nueterra obtained and served the Writs of Garnishment on the various garnishees, and the court granted Nueterra's Motion. [*See*

Ex. F, Notice of Post-Judgment Writ of Garnishment; Ex. G, Order Granting Plaintiff's Motion for Charging Order].

36. Since registering the judgment, Nueterra has engaged in significant post-judgment discovery in aid of the enforcement of its Judgment. Specifically, Nueterra issued Requests for Production to Platinum Medical and also served Notice(s) of Intent to Take Oral Deposition with Subpoena Duces Tecum on certain individuals related to Platinum Medical. Based on interviews with and/or depositions of Ryan Cole's associates, it is clear that Ryan Cole either lied regarding the extent of Platinum Medical's assets and his own personal assets, or he has perpetrated the fraudulent transfer of those assets and filed bankruptcy in an effort to avoid creditors.

## NON-DISCHARGEABILITY OF DEBT
## & CAUSES OF ACTION

### ***Non-Dischargeability of Debt under § 523(a)(2)***

37. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs as if fully set forth herein.

38. 11 U.S.C. § 523(a)(2) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> . . .
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (B) use of a statement in writing—
> (i) that is materially false;
> (ii) respecting the debtor's or an insider's financial condition;
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
> (iv) that the debtor caused to be made or published with intent to deceive .
> . . .

39. As described above, Ryan Cole knowingly and materially falsified the 2021 Financials (which include his own personal financial information) and instructed Platinum Medical to share the materially false statements regarding Platinum Team's, Platinum Medical's, and his financial condition in writing with Nueterra and others. He had knowledge of his misrepresentations and defrauded Nueterra directly or used his companies to defraud Nueterra.

40. The false statements in the 2021 Financials concerned debtors' financial condition and that of insiders, Platinum Medical and Platinum Teams. The materially false statements include, but are not limited to, the representation that Platinum Team's total consolidated assets were $192,243,812.96; that Platinum Team's consolidated cash on hand was $29,945,626.12 and that there was $22,710,608.39 in accounts receivable; that the Princeton Land & Buildings was worth $20MM; that the organizational chart was accurate; and that Ryan Cole's investments were valued at $193,832,425 in various companies, including $21,142,746 in investment in Platinum Medical.

41. Nueterra reasonably and justifiably relied on the 2021 Financials to ensure that its interests as a guarantor of real estate would be protected as part of any sale of Noble to Platinum Medical. Due to the materially false representations, it appeared that Platinum Teams, its subsidiaries (such as Platinum Medical), and Ryan Cole had the financial means to pay the Noble debts and relieve guarantors, such as Nueterra, from any liability related to Noble or the hospitals. Nueterra is now subject to a judgment from Central Bank while its corresponding judgment remains unpaid because Ryan Cole directly defrauded Nueterra and/or used Platinum Medical as an instrumentality to defraud Nueterra and others.

42. Ryan Cole authorized the publication of the false statements in the 2021 Financials with the intent to deceive and defraud Nueterra and other parties with respect to the SPA. Ryan

Cole purposefully structured the deal knowing that Platinum Medical would not be able to pay the Noble debts and that it would not protect the guarantors, such as Nueterra. His actions were malicious and intentional, and he is liable directly for his fraudulent acts.

43. Ryan Cole is additionally liable for misusing the corporate form as his alter ego to commit fraud on Nueterra primarily for his direct personal benefit.

44. As a result of Ryan Cole's fraudulent acts, Nueterra has been injured.

45. Under the totality of the circumstances, all or part of the debt owed to Nueterra, is non-dischargeable as the debt owed is a debt resulting from Ryan Cole's materially false statements in writing within the meaning of 11 U.S.C. § 523(a)(2).

46. Wherefore, Nueterra prays that the Court find and order that, pursuant to 11 U.S.C. § 523(a)(2), Ryan Cole's indebtedness to Neuterra either individually or as the alter ego of Platinum Medical in the amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until paid in full, is not dischargeable; that Nueterra be granted judgment for costs and expenses related to this matter; and for such other and further relief as the Court deems just and equitable.

***<u>Non-Dischargeability of Debt under Section § 523(a)(6)</u>***

47. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs as if fully set forth herein.

48. 11 U.S.C. § 523(a)(6) provides, in relevant part, that:

> (a) A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
>
> . . .
>
> (6) willful and malicious injury by the debtor to another entity or the property of another entity;

49. As described above, Ryan Cole knowingly and materially falsified the 2021 Financials and his own personal financial information and instructed Platinum Medical to share the materially false statements regarding Platinum Team's, Platinum Medical's, and his financial condition in writing with Nueterra and others.

50. The false statements in the 2021 Financials concerned debtors' financial condition and that of insiders, Platinum Medical and Platinum Teams. The materially false statements include, but are not limited to, the representation that Platinum Team's total consolidated assets were $192,243,812.96; that Platinum Team's consolidated cash on hand was $29,945,626.12 and that there was $22,710,608.39 in accounts receivable; that the Princeton Land & Buildings was worth $20MM; that the organizational chart was accurate; and that Ryan Cole's investments were valued at $193,832,425 in various companies, including $21,142,746 in investment in Platinum Medical.

51. Nueterra reasonably and justifiably relied on the 2021 Financials to ensure that its interests as a guarantor of real estate would be protected as part of any sale of Noble to Platinum Medical. Due to the materially false representations, it appeared that Platinum Teams, its subsidiaries, and Ryan Cole had the financial means to pay the Noble debts and relieve guarantors, such as Nueterra, from any liability related to Noble or the hospitals. Nueterra is now subject to a judgment from Central Bank while its corresponding judgment remains unpaid because Ryan Cole used Platinum Medical as an instrumentality to defraud Nueterra and others.

52. Ryan Cole authorized the publication of the false statements in the 2021 Financials with the intent to deceive and defraud Nueterra and other parties with respect to the SPA. Ryan Cole purposefully structured the deal knowing that Platinum Medical would not be able to pay the

Noble debts and that it would not protect the guarantors, such as Nueterra. His actions were willful and malicious, and he is directly liable for his fraudulent acts.

53. As described above, Ryan Cole is additionally liable for misusing the corporate form as his alter ego to commit fraud on Nueterra primarily for his direct personal benefit.

54. As a result of Ryan Cole's fraudulent acts, Nueterra has been injured.

55. As a result of Ryan Cole's tortious acts, all or part of the debt owed to Nueterra, is non-dischargeable as they constitute willful and malicious injury by Debtor to another within the meaning of 11 U.S.C. § 523(a)(6).

56. Wherefore, Nueterra prays that the Court find and order that, pursuant to 11 U.S.C. § 523(a)(2), Ryan Cole's indebtedness to Neuterra either individually or as the alter ego of Platinum Medical in the amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until paid in full, is not dischargeable; that Nueterra be granted judgment for costs and expenses related to this matter; and for such other and further relief as the Court deems just and equitable.

***Fraud & Fraudulent Inducement***

57. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs as if fully set forth herein.

58. Ryan Cole made material representations about the financial condition of himself and his companies and made promises and representations that he and his companies would take actions as agreed in the parties' agreements. Ryan Cole knew these representations were false. Ryan Cole made the representations with the intent that Plaintiff would rely and act upon the representations. Plaintiff did not know that the representations were false and Plaintiff did, in fact, rely on the representations and such reliance was justifiable. Plaintiff had a right to and did

reasonably rely on the representations. Plaintiff is entitled to its actual damages against Ryan Cole. Plaintiff is entitled to an award of exemplary damages as to Ryan Cole and as a result of Ryan Cole's fraud and because they acted with malice and gross negligence.

### ***Fraudulent Representation of Intent to Perform***

59. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs as if fully set forth herein.

60. Ryan Cole falsely represented to Plaintiff that Platinum Medical intended to perform all obligations under the SPA, including refinancing the loan debt guarantied by Plaintiff and indemnifying Plaintiff.

61. Ryan Cole knew his representations to Plaintiff as detailed herein were false. Ryan Cole made the representations with the intent that Plaintiff would rely and act upon the representations. Plaintiff did, in fact, rely on the representations, and such reliance was justifiable. Plaintiff is entitled to actual damages against Ryan Cole. Plaintiff is entitled to an award of exemplary damages as a result of the fraud and because Ryan Cole acted with malice and gross negligence

### ***Breach of Contract***

62. Plaintiff incorporates by reference all of the factual allegations set forth in the preceding paragraphs as if fully set forth herein.

63. Platinum Medical is the alter ego of Ryan Cole and Plaintiff has a claim and cause of action for breach of the SPA against Ryan Cole. Plaintiff seeks a recovery of all actual damages, along with accrued interest allowed by law, pre- and post- judgment interest, attorneys' fees and costs and expenses.

***Alter Ego***

64. It is proper for the damages owed by Platinum Medical to Plaintiff to be rendered nondischargeable in the underlying bankruptcy proceeding because Platinum Medical is the alter ego of Cole. Under the alter ego theory, liability follows if there exists such unity between the corporation and the individual that the corporation ceases to be separate, and holding only the corporation liable would promote injustice. Ryan Cole used his many corporate entities, Platinum Medical and Platinum Team in particular, merely as an instrumentality to conduct his own person business. Ryan Cole had complete control and domination over all aspects of Platinum Medical and Platinum Team such that there was no separation between the entities and the will of Ryan Cole. Further, Ryan Cole used his control of these entities to defraud Plaintiff as detailed herein.

65. Here, the actions of Platinum Medical should be imputed to Debtor Cole in the underlying bankruptcy proceeding such as to render the debts incurred by Platinum Medical nondischargeable under sections 523(a)(2)(A) and (a)(6) of the Bankruptcy Code because Debtor is the alter ego of Platinum Medical.

**EXEMPLARY DAMAGES**

66. Plaintiff is entitled to exemplary damages resulting from fraud, malice, or gross negligence as detailed herein.

**ATTORNEYS' FEES AND COSTS**

67. Plaintiff is entitled to recover from Debtor Ryan Cole and hereby request its attorneys' fees and related expenses incurred in the prosecution of this adversary proceeding in accordance with the terms of the parties' agreements and other applicable law.

## CONDITIONS PRECEDENT

68. All conditions precedent to Plaintiff's recovery have occurred, have been performed, are excused, waived, or otherwise satisfied.

## RESERVATION OF RIGHTS

69. Plaintiff is reserve the right to amend and supplement this Complaint and add causes of action as facts may be discovered through discovery and the prosecution of this action.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Nueterra request that Defendant and Debtor Ryan Cole be cited to appear and answer and that, upon final trial, Plaintiff have Judgment against Defendant as requested herein and a finding and order that, pursuant to 11 U.S.C. § 523(a)(2) and (a)(6), that Ryan Cole's indebtedness to Nueterra individually and as the alter ego of Platinum Medical in the amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until paid in full, is not dischargeable; and that Nueterra be granted judgment for its attorneys' fees, costs and expenses related to this matter; and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Russell A. Devenport 7/18/24*

Russell A. Devenport
State Bar No. 24007109
rad@mcdonaldlaw.com
H. Dustin Fillmore IV
State Bar No. 24105858
hdf@mcdonaldlaw.com

**McDONALD SANDERS,**
A Professional Corporation

777 Main Street, Suite 2700
Fort Worth, Texas 76102
(817) 336-8651 Telephone
(817) 334-0271 Facsimile

**ATTORNEYS FOR CREDITOR**
**NUETERRA CAPITAL LLC**