Filed: 8/14/2023 10:69 AM
Michael Gould
District Clerk
Collin County, Texas
By Claudia Gomez Deputy
Envelope ID: 78484850

CAUSE NO. 366-03629-2023

| | | |
|---|---|---|
| NUETERRA CAPITAL, LLC. | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff/Garnishor, | § | |
| VS. | § | |
| | § | |
| TTCU FEDERAL CREDIT UNION, FIFTH THIRD BANK, JP MORGAN CHASE BANK, WELLS FARGO, N.A., AND OZK BANK | § § § § | |
| | § | |
| Garnishees, | § | 366TH JUDICIAL DISTRICT |
| | § | |
| and | § | |
| | § | |
| PLATINUM MEDICAL MANAGEMENT, INC. | § § | |
| | § | |
| Defendant/Judgment Debtor. | § | COLLIN COUNTY, TEXAS |

## PLAINTIFF'S APPLICATION FOR POST-JUDGMENT WRIT OF GARNISHMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Nueterra Capital, LLC ("Plaintiff") makes this application for the issuance of a writ of garnishment against the Garnishees as described below, and as grounds for the writ shows:

I.

1. Plaintiff in Garnishment is Plaintiff, Nueterra Capital, LLC, a foreign corporation registered to do business in Texas.

2. Garnishee TTCU Federal Credit Union, an Oklahoma Credit Union, is not registered to do business in the State of Texas, does not maintain a place of regular business in Texas, and has no designated agent in Texas on whom service of process may be made in this cause. Accordingly, service of the Application for Writ of

Garnishment may, therefore, be made on the Texas Secretary of State, to be forwarded to TTCU Federal Credit Union Corporate Office, 9815 E. 81st Street S., Tulsa OK 74133.

3. Garnishee Fifth Third Bank, which may be served by delivering the writ and other process to its registered agent, John L. McDaniel, 38 Fountain Square Plaza, Mail drop 10AT68, Cincinnati, TX 75263.

4. Garnishee JP Morgan Chase Bank, which may be served by delivering the writ and other process to its registered agent, CT Corporation, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136.

5. Garnishee Wells Fargo Bank N.A., which may be served by delivering the writ and other process to its registered agent, Corporation Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

6. Garnishee OZK Bank, which may be served by delivering the writ and other process to its registered agent, National Registered Agents, Inc., 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

7. Defendant, Platinum Medical Management, Inc., is a Texas limited liability company and is the Judgment Debtor in this post-judgment proceeding.

II.

8. Plaintiff is the owner and holder a final judgment entered on May 3, 2023, against Defendant in the amount of in the principal amount of $8,113,569.14, plus post-judgment interest of $1,627.90 per day until the date judgment is paid. *Central Bank of the Midwest v. Nueterra Capital LLC, v. Platinum Medical Management, Inc.,* No. 22-2218-JWB (N.D. Kan. 2023). A certified copy of this Judgment is attached hereto as

**Exhibit 1** and is incorporated herein by reference. Plaintiff thereafter filed its Notice of Filing of Foreign Judgment with this Court pursuant to the Uniform Enforcement of Foreign Judgment Act, Tex. Civ. Prac. Rem. Code § 35.001, et. seq., which was entered by this Court thereafter on July 12, 2023. Plaintiff requests the Court take notice of the pleadings on file.

9. This judgment is in all things final, valid, and subsisting, and is wholly unpaid to date.

10. Plaintiff has not been able to discover assets of Defendant subject to execution which would satisfy the judgment (specifically, Brandon Deiters, the COO of Platinum Medical Management, Inc., has represented that Defendant has no employees, financial resources, or other assets associated with it.)

III.

11. Upon information and belief Garnishee TTCU Federal Credit Union, has property belonging to Defendant or is indebted to Defendant as a result of a contractual banking relationship between TTCU Federal Credit Union and Defendant, which includes funds on deposit in one or more savings and/or checking accounts. Therefore, all accounts in the name of Platinum Medical Management, Inc., belong to Defendant.

12. Upon information and belief Garnishee Fifth Third Bank, has property belonging to Defendant or is indebted to Defendant as a result of a contractual banking relationship between Fifth Third Bank and Defendant, which includes funds on deposit in one or more savings and/or checking accounts. Therefore, all accounts in the name of Platinum Medical Management, Inc., are effects belonging to Defendant.

13.   Upon information and belief Garnishee JPMorgan Chase Bank, has property belonging to Defendant or is indebted to Defendant as a result of a contractual banking relationship between JPMorgan Chase Bank and Defendant, which includes funds on deposit in one or more savings and/or checking accounts. Therefore, all accounts in the name of Platinum Medical Management, Inc., are effects belonging to Defendant.

14.   Upon information and belief Garnishee Wells Fargo, N.A., has property belonging to Defendant or is indebted to Defendant as a result of a contractual banking relationship between Wells Fargo, N.A., and Defendant, which includes funds on deposit in one or more savings and/or checking accounts. Therefore, all accounts in the name of Platinum Medical Management, Inc., are effects belonging to Defendant.

15.   Upon information and belief Garnishee OZK Bank, has property belonging to Defendant or is indebted to Defendant as a result of a contractual banking relationship between OZK Bank and Defendant, which includes funds on deposit in one or more savings and/or checking accounts. Therefore, all accounts in the name of Platinum Medical Management, Inc., are effects belonging to Defendant.

16.   This Application is not sought to injure or harass either Defendant or the Garnishees but in order to collect on the Judgment owed to Plaintiff.

17.   Plaintiff would respectfully assert that no hearing is necessary inasmuch as this is a post-judgment garnishment action. As a result, Plaintiff requests the Clerk of the Court to issue a writ of garnishment to each garnishee upon this application being filed. *See* Tex. R. Civ. P. 658, 659. For the same reason, Plaintiff would show that no bond is necessary. *See* Tex. R. Civ. P. 658a.

WHEREFORE, PREMISES CONSIDERED, Plaintiff/Garnishor Nueterra Capital, prays that: a writ of garnishment be issued and served upon each Garnishee described herein, and that Garnishor have judgment against Garnishees to the extent of Judgment Debtor's accounts to satisfy its Judgment against the Judgment Debtor, together with all costs of court incurred in this proceeding, and such other and further relief, both at law and in equity, to which Plaintiff/Garnishor may be justly entitled.

Respectfully submitted,

McDONALD SANDERS,
A Professional Corporation

By:   */s/ Sarah Kline*
      Richard C. DeBerry
      State Bar No. 00783948
      rdeberry@mcdonaldlaw.com

      Sarah M. Kline
      State Bar No. 24110097
      smk@mcdonaldlaw.com

777 Main Street, Suite 2700
Fort Worth, Texas 76102
(817) 336-8651 Telephone
(817) 334-0271 Facsimile

ATTORNEYS FOR PLAINTIFF/GARNISHOR
NUETERRA CAPITAL, LLC

## **CERTIFICATE OF SERVICE**

      This is to certify that on the 11th day of August, 2023 I served the foregoing document upon as required by TEX. R. CIV. P. 21a(a)(1) or (2).

Via CMRR & U.S. First Class Mail
Platinum Medical Management, Inc.
709 Business Way
Wylie, Texas 75098

                                      /s/ Sarah Kline
                                      Sarah Kline

**EXHIBIT 1**

AO 132 (Rev. 12/03) Exemplification Certificate

# UNITED STATES DISTRICT COURT

District of Kansas

### EXEMPLIFICATION CERTIFICATE

I, **Skyler B. O'Hara**, Clerk of this United States District Court, keeper of the records and seal, certify that the attached documents:

**JUDGMENT (Doc. 73) filed 5/3/2023 as to Case 2:22-cv-02218-JWB-RES, Central Bank of the Midwest v. Nueterra Capital, LLC et al.**

are true copies of records of this Court.

In testimony whereof I sign my name and affix the seal of this Court, in this District, at **Kansas City, KS** on **7/6/2023**.

_Skyler B. O'Hara_
Clerk

_[signature]_
(By) Deputy Clerk

I, **Daniel D. Crabtree**, a Judicial Officer of this Court, certify that **Skyler B. O'Hara**, named above, is and was on the date noted, Clerk of this Court, duly appointed and sworn, and keeper of the records and seal, and that this certificate, and the attestation of the record, are in accordance with the laws of the United States.

**7/6/2023**
Date

_[signature]_
Signature of Judge

**U.S. District Judge**
Title

I, **Skyler B. O'Hara**, Clerk of this United States District Court, keeper of the seal, certify that the Honorable **Daniel D. Crabtree**, Judge, named above, is and was on the date noted a Judicial Officer of this Court, duly appointed, sworn and qualified, and that I am well acquainted with the Judge's official signature and know and certify the above signature to be that of the Judge.

In testimony whereof I sign my name, and affix the seal of this Court at **Kansas City, KS** in this State, on **7/6/2023**.

_Skyler B. O'Hara_
Clerk

_[signature]_
(By) Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CENTRAL BANK OF THE MIDWEST,

    Plaintiff,

v.

NUETERRA CAPITAL, LLC,

    Defendant/Third Party Plaintiff,

v.

PLATINUM MEDICAL MANAGEMENT, INC.,

    Third Party Defendant.

Case No. 22-2218-JWB

## JUDGMENT IN A CIVIL CASE

☐     Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒     Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

In accordance with the court's memorandum and order (Doc. 60), judgment is entered against Defendant in the amount of $8,113,569.14.[1] Plaintiff is entitled to post-judgment interest at the contract rate of $1,627.90 per day until the judgment is paid in full.

In accordance with the court's order granting Defendant's second motion for default judgment (Doc. 71) against Third-Party Defendant Platinum Medical Management, Inc ("Platinum"), judgment is entered in favor of Third-Party Plaintiff Nueterra and against Platinum in the amount of $8,113,569.14 with post-judgment interest at the contract rate of $1,627.90 per day until the judgment is paid in full.

---

[1] This includes the principal amount of $8,019,150.94 plus a per diem rate of $1,627.90 for the days between March 6, 2023, the date of the court's decision, and the date the judgment is entered, May 3, 2023.

Case 24-40647  Doc 40-2  Filed 06/19/24  Entered 06/19/24 15:02:02  Desc Exhibit
Application for Post Judgment Writ    Page 9 of 9

Case 2:22-cv-02218-JWB-RES  Document 18  Filed 05/03/23  Page 2 of 2

<div style="display:flex;">
<div>
May 3, 2023
Date
</div>
<div>
SKYLER B. O'HARA
CLERK OF THE DISTRICT COURT

by: s/ Joyce Roach
Deputy Clerk
</div>
</div>